Pfeifer, J.,
dissenting.
{¶ 36} The Home Rule Amendment, Section 3, Article XVIII, Ohio Constitution, states: “Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary, and other similar regulations, as are not in conflict with general laws.”
{¶ 37} In Am. Fin. Servs. Assn. v. Cleveland, 112 Ohio St.3d 170, 2006-Ohio-6043, 858 N.E.2d 776, ¶ 31, the court stated: “A statement by the General Assembly of its intent to preempt a field of legislation is a statement of legislative intent * * * but does not trump the constitutional authority of municipalities to enact legislation pursuant to the Home Rule Amendment * * From this, I conclude that the General Assembly is incapable of casting a preemption blanket over an entire field.
{¶ 38} The key issue when analyzing whether a local ordinance is a proper subject of home rule is whether the ordinance conflicts with general laws. Id. In Cincinnati v. Hoffman (1972), 31 Ohio St.2d 163, 169, 60 O.O.2d 117, 285 N.E.2d 714, we stated that “in order for * * * a conflict to arise, the state statute must positively permit what the ordinance prohibits, or vice versa, regardless of the extent of state regulation concerning the same object.” We have also stated that “[n]o real conflict can exist unless the ordinance declares something to be right which the state law declares to be wrong, or vice versa.” Struthers v. Sokol (1923), 108 Ohio St. 263, 268, 140 N.E. 519. When applying legal tests, such as the test set forth in Canton v. State, 95 Ohio St.3d 149, 2002-Ohio-2005, 766 N.E.2d 963, ¶ 9, it is possible to overlook the commonsense principles that undergird the test. It is not enough to determine that R.C. 9.68 is a general law or that R.C. 9.68 is extensive; the Cleveland ordinances must be shown to conflict with the statute. In this case, I conclude that the Cleveland ordinances do not *144 conflict with R.C. 9.68, because they do not permit something that the statute forbids or vice versa. Sokol at paragraph two of the syllabus.
Robert J. Triozzi, Cleveland Law Director, and Gary S. Singletary, Assistant Law Director, for appellee.
Richard Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, David M. Lieberman, Deputy Solicitor, and Pearl M. Chin, Assistant Attorney General, for appellant.
McNamee & McNamee, P.L.L., Cynthia P. McNamee, and Michael P. McNa-mee, urging affirmance for amicus curiae city of Englewood.
Bingham McCutchen, L.L.P., William F. Abrams, Karen Lu, and Christopher Chang; and David Cannon, urging affirmance for amici curiae Legal Community Against Violence, Ohio Coalition Against Gun Violence, Brady Center to Prevent Gun Violence, Coalition to Stop Gun Violence, States United to Prevent Gun Violence, Violence Policy Center, Ohio State University Youth Violence Prevention Advisory Board, National Council of Jewish Women Cleveland Section, Ohio State Public Affairs of the National Council of Jewish Women, Toledo Area Ministries, Toledo Police Patrolman’s Association, city of Akron, city of Cincinnati, city of Columbus, city of East Cleveland, city of Parma, city of Shaker Heights, and village of New Albany.
Schottenstein, Zox & Dunn Co., L.P.A., Stephen L. Byron, Rebecca K. Schal-tenbrand, and Stephen J. Smith; and John Gotherman, urging affirmance for amicus curiae Ohio Municipal League.
Lydy & Moan, Ltd., Daniel T. Ellis, and Frederick E. Kalmbach, urging reversal for amicus curiae National Rifle Association of America, Inc.
Wildman, Harrold, Allen & Dixon, L.L.P., and James B. Vogts; and Lawrence G. Keane, urging reversal for amicus curiae National Shooting Sports Foundation, Inc.
{¶ 39} Paragraph three of the syllabus in Sokol is even more specific; it states: “A police ordinance is not in conflict with a general law upon the same subject merely because certain specific acts are declared unlawful by the ordinance, which acts are not referred to in the general law * * I believe that R.C. 9.68 infringes upon municipalities’ constitutional home-rule rights by preventing them from tailoring ordinances concerning the regulation of guns to local conditions. I dissent.
Brown, C.J., concurs in the foregoing opinion.